J. R. BELL, ADMINISTRATOR, v. THE CITY OF GREENSBORO.

(Filed 24 November, 1915.)

**Municipal Corporations—Cities and Towns—Streets—Bridges—Approaches—Overflow of Water—Negligence—Trials—Questions for Jury.**

Where a city has built approaches to a bridge over a stream on its street with embankments on one side tending to increase the water in its flow under the bridge, which otherwise would have been too much, and had left a depression on the approach on the other side across which the water would flow during rainstorms of such character as could reasonably have been expected to occur, and which would not have been likely to have flowed there had the approaches on both sides been graded the same and to the same level, and which grading had partially been done by the city authorities, but left incompleted: *Held,* evidence of actionable negligence of the city that, upon the plaintiff's intestate coming from school and attempting a second time to cross, she was swept from her feet by waters rushing across this depression caused by an overflow of the stream from a rainstorm of not unusual occurrence, and drowned.

APPEAL by defendant from *Lyon, J.,* at January Term, 1915, of GUILFORD.

Civil action tried upon these issues:

1. Was the death of plaintiff's intestate caused by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

2. What damage, if any, is plaintiff entitled to recover? Answer: $1,000.

From the judgment rendered defendant appealed.

*John A. Barringer for plaintiff.*
*A. W. Cooke for defendant.*

BROWN, J. Plaintiff sues to recover for the death of his intestate, caused, as alleged, by failure of defendant to properly construct and keep in repair North Green Street, which crosses Buffalo Creek in the northwestern part of the city.

The evidence tends to prove that the defendant constructed the bridge across Buffalo Creek about twelve feet above the water and on the side opposite the city of Greensboro made a long embankment about eight or ten feet high, level to the foot of the hill beyond, and on the side of the bridge next to Greensboro constructed an embankment part of the way, but made it incline to a sag between the bridge and the Cape Fear Railroad spur going to Cone Cotton Mills, so that whenever a heavy rain fell the water would run in great volume, force and rapidity across the said street at the said depression. This embankment inclined from the railroad spur toward the bridge about fifty or a hundred feet to the depression and there was an incline from the bridge back toward the railroad spur, a decline of considerable distance which made the sag at least four feet below the bridge, the embankment being at the sag about a foot above ground.

The defendant originally constructed the street and embankment. It is undeniable that it was the city's duty to keep it in a reasonably safe condition, and, if necessary, to make the embankment level with the one on the opposite side of the creek.

Plaintiff contends that it was negligence to allow the depression to remain when it was obvious that the waters of the creek would likely rise and run across the street in case of heavy rains and make it dangerous for persons passing along the street.

The evidence tends to prove that plaintiff's intestate, his daughter Anna, seven years of age, was drowned in consequence of the flooding of the street. She and many other school children passed along this street daily to the public schools of defendant. The street was one of its thoroughfares and used by many people, both day and night. Plaintiff's intestate went to school on 15 March, 1912, and started home as usual along this street. A heavy rain had fallen while she was in school and when she got to the sag or depression on North Green Street a great volume of water was running across it. She stopped and was heard to call out, and then she undertook to wade across this volume of water on the street, and when she got about midway it washed her down with such violence that she was drowned and her body floated on down 75 yards north of the said street, where it was found.

The motion to nonsuit was properly overruled. The evidence tends strongly to prove that the defendant had or was fixed with knowledge of this dangerous condition, and that it could have remedied it by raising the embankment level with the height of the bridge on the side next to the city.

There is evidence tending to prove that previously rains had fallen frequently quite as heavy as the one on 15 March, 1912, when the intestate was drowned. There is evidence that the outlet under the bridge in insufficient to carry off the water on occasions of heavy rains, such as may be reasonably anticipated in that section; that the embankment on the opposite side of the creek from Greensboro had diverted the natural flow of the water from the large watershed above to the south side of the said street, and thereby the volume of water was increased which was required to be carried off in the channel; that the street from the railroad spur to the foot of the hills on the other side ran through a long flat piece of land and the water had been seen from time to time to cover the whole bottom before this occasion of the death of the intestate of the plaintiff; that the city has partially filled up the said sag since the death of the intestate.

There is no fault in the charge, either of commission or omission, that the defendant can reasonably complain of. The defendant's contention was presented to the jury clearly and fairly, as the following extract shows:

"But if you should find that the city constructed the street and maintained it as it was, and that that was a reasonably good street, such a street as a reasonably prudent man ordinarily would have made, under the circumstances, and that the occurrence was caused by an extraordinary rainfall, such a one as would not be anticipated or expected by the authorities in providing their streets and roads, the city would not be liable and it would be your duty to answer the first issue 'No.' "

We have examined the other assignments of error, and think they are without merit.

No error.